Vincent J. Messina, Jr., Esq. Informal Opinion Town Attorney No. 96-39 Town of Islip Town Hall Islip, N Y 11751
Dear Mr. Messina:
You ask whether a municipality may license and regulate vans used as taxicabs which are operating within its boundaries.
Your town code regulates taxicab service and defines a taxicab as
 [a]ny motor vehicle engaged in the business of transporting persons for hire, except vehicles subject to the provisions of the Public Service or Transportation Corporations Laws or vehicles under an express written contract to provide transportation for weddings, funerals or similar functions.
Islip Town Code § 49-1 (1977). This broad definition provides for the licensing and regulation of taxicabs operating within the boundaries of the township of Islip.
In 1983, the State Legislature enacted a series of regulatory reforms of the intrastate transportation industry. L 1983 Ch 635. These reforms were designed to facilitate market entry and stimulate competition by centralizing licensing and regulation of most common carriers under the jurisdiction of the State Department of Transportation (DOT). See, Bill Jacket, L 1983 Ch 635; see also, Transportation Law § 80. As a result, revised Articles 3 and 7 of the Transportation Law now invest the State DOT with broad power to regulate intrastate common and contract carriers. Transportation Law §§ 80(1), 150, et seq. Under the revised Transportation Law, municipalities may only regulate those common carrier services included in one of the exceptions listed in Transportation Law § 151.
Regarding municipal regulation of taxicab services, note that section 151 states, in pertinent part:
The provisions of this article shall not apply to any transportation for compensation in sedans, as such term is defined herein at the end of this section, or station wagons or to any transportation for compensation thatis provided in vehicles larger than sedans or station wagons when thattransportation is performed:
. . .
 11. As a taxi or livery service conducted in vehicles having a seating capacity of twenty passengers or less pursuant to the jurisdiction or regulatory control of a city, town or village when service is conducted wholly within such city, town or village and when such service is available to the general public on a prearranged or demand-response basis over a non-specified or irregular route with the point or points of pick-up and discharge determined by the passenger, but such taxi or livery service shall not include van service.
 For the purposes of this article, the term "sedan" or "sedans" as used herein shall include private passenger automobiles larger than a conventional sedan and commonly known as a limousine, but shall not include vans or buses.
Transportation Law § 151. (Emphasis added.)
Therefore, the language of section 151 authorizes a municipality to regulate certain "transportation for compensation" in sedans, station wagons and "in vehicles larger than sedans or station wagons". This last phrase would include vans. One type of "transportation for compensation" that municipalities may regulate is taxi or livery services. Transportation Law § 151(11). Under this provision, a municipality may locally regulate taxi services in the vehicles described above, which includes vans, provided such service is conducted wholly within its boundaries.
It should be noted, however, that Transportation Law § 151(11) reserves to the State DOT the authority to regulate "van service". See also, Transportation Law § 80. That service is distinguishable from a municipality's ability to regulate vans used as taxicabs. The Transportation Law defines "van service" as:
 a sub-classification of common carrier of passengers by motor vehicle that provides service on a prearranged regular daily basis between a zone in a residential neighborhood and a location which shall be a work related central location, a mass transit or mass transportation facility, a shopping center or recreational facility, but shall not include service to or from an airport. Such service is usually characterized by the use of vehicles having a seating capacity of twenty passengers or less.
Transportation Law § 2(35).
Reading sections 151(11) and 2(35) of the Transportation Law together, it is clear that the Legislature intended to distinguish between the operation of a "van service" and the operation of a van taxi. For the purposes of your inquiry, the primary point of distinction is whether a van is used primarily to transport passengers on a prearranged regular daily basis from zone to zone, or whether it is used to conduct traditional taxi or livery services within the boundaries of a city, town or village. The former is a van service, regulated by the DOT, while the latter is a taxi service, which may be regulated by local law or ordinance.
We conclude that although a municipality may not regulate van services, it is authorized to regulate vans used as taxicabs where such taxicab services are provided wholly within its boundaries.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JOSEPH CONWAY
Assistant Attorney General